1

2

3

4

5

6

7               UNITED STATES DISTRICT COURT

8           FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   DAVID ARKEEM EVANS,                    Case No.  2:22-cv-01377-JDP (PC)

11                Plaintiff,                ORDER GRANTING PLAINTIFF'S
                                            APPLICATION TO PROCEED *IN FORMA*
12          v.                              *PAUPERIS*

13   CORTER, *et al.*,                      ECF No. 2

14                Defendants.               SCREENING ORDER THAT PLAINTIFF:

15                                               (1) PROCEED ONLY WITH HIS
                                                 EIGHTH AMENDMENT EXCESSIVE
16                                               FORCE CLAIMS AGAINST
                                                 DEFENDANTS CORTER AND
17                                               MARTIN; OR

18                                               (2) DELAY SERVING ANY
                                                 DEFENDANT AND FILE AN
19                                               AMENDED COMPLAINT

20                                          ECF No. 1

21                                          THIRTY-DAY DEADLINE

22

23

24          Plaintiff, a state prisoner proceeding without counsel, alleges that defendants Corter and

25   Martin violated his Eighth Amendment rights by using excessive force against him during a

26   search.  ECF No. 1 at 3.  These claims are cognizable and may proceed past screening.  Plaintiff

27   also seeks to hold Warden Lynch responsible for the alleged violation of his rights, but his

28   allegations against this defendant are not sufficient to proceed.  Thus, plaintiff must choose

1

1    whether to proceed only with his claims against Corter and Martin or to delay serving any

2    defendant and to file an amended complaint.

3        I will grant plaintiff's application to proceed *in forma pauperis*.  ECF No. 2.

4                            **Screening Order**

5        **I.        Screening and Pleading Requirements**

6        A federal court must screen a prisoner's complaint that seeks relief against a governmental

7    entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable

8    claims and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a

9    claim upon which relief may be granted, or that seeks monetary relief from a defendant who is

10   immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

11       A complaint must contain a short and plain statement that plaintiff is entitled to relief,

12   Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

13   face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

14   require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

15   662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

16   possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

17   identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

18   1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

19   give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

20   n.2 (9th Cir. 2006) (en banc) (citations omitted).

21       The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

22   U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

23   appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

24   would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

25   However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

26   of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

27   1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

28

1

**II.     Analysis**

2      Plaintiff alleges that, on June 29, 2022, defendants Corter and Martin ordered him to

3   submit to a contraband search.  ECF No. 1 at 12.  After this search, defendant Corter directed him

4   to submit to a second search.  *Id.*  Plaintiff, who has been diagnosed with gender dysphoria, asked

5   that a female officer perform the search.[1]  *Id.*  Corter refused that request and, when plaintiff

6   moved to gather his clothes, both Corter and Martin grabbed and violently bent his arm.  *Id.* at 13.

7   Corter also deployed pepper spray against plaintiff.  *Id.*  These allegations are sufficient to state

8   an Eighth Amendment excessive force claim against these defendants.

9      By contrast, plaintiff's allegations against Warden Lynch are inadequate.  He broadly

10   alleges that Lynch is responsible for the custody and treatment of inmates, that he has permitted a

11   pattern of excessive force at the institution, and that he has failed to train the correctional officers

12   who report to him.  *Id.* at 14.  These allegations are devoid of specifics and, ultimately, amount to

13   the sort of "unadorned, the-defendant-unlawfully-harmed-me accusation" that the Supreme Court

14   has held to be insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

15      Plaintiff may either proceed only with the cognizable claims identified above or he may

16   delay serving any defendant and file an amended complaint.  If plaintiff decides to file an

17   amended complaint, the amended complaint will supersede the current complaint.  *See Lacey v.*

18   *Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended

19   complaint will need to be complete on its face without reference to the prior pleading.  *See* E.D.

20   Cal. Local Rule 220.  Once an amended complaint is filed, the current complaint no longer serves

21   any function.  Therefore, in an amended complaint, as in an original complaint, plaintiff will need

22   to assert each claim and allege each defendant's involvement in sufficient detail.  The amended

23   complaint should be titled "Amended Complaint" and refer to the appropriate case number.

24      Accordingly, it is ORDERED that:

25      1.   Plaintiff's application to proceed *in forma pauperis*, ECF No. 2 is GRANTED.

26

27   ───────────────────

        [1] As best I can tell, plaintiff has not indicated a desire for female or gender-neutral

28   pronouns.  If those pronouns are preferred, plaintiff may indicate as much in any subsequent
     filing.

3

2.  Within thirty days from the service of this order, plaintiff either advise that he wishes to proceed only with his Eighth Amendment excessive force claims against Corter and Martin or delay serving any defendant and file an amended complaint.

3.  Failure to comply with this order may result in the dismissal of this action.

4.  The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:    October 3, 2022    _____
                            JEREMY D. PETERSON
                            UNITED STATES MAGISTRATE JUDGE

4